# ORIGINAL

1    Franquez Jury Inst

2    LEONARDO M. RAPADAS
     United States Attorney
3    JEFFREY J. STRAND
     Assistant U.S. Attorney
4    Suite 500, Sirena Plaza
     108 Hernan Cortez Ave.
5    Hagåtña, Guam 96910
     TEL: (671) 472-7332
6    FAX: (671) 472-7334

7    Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

JUN 1 6 2006

MARY L.M. MORAN
CLERK OF COURT

8

9          IN THE UNITED STATES DISTRICT COURT

10            FOR THE DISTRICT OF GUAM

11   UNITED STATES OF AMERICA,     )    CRIMINAL CASE NO. 06-00017

12               Plaintiff,    )

13                        )    **UNITED STATES'**
                            )    [PROPOSED]
14           vs.               )    **JURY INSTRUCTIONS**

15   MICHAEL A. FRANQUEZ,        )

16                Defendant.    )
     _____ )

17        The Government hereby requests the Court to instruct the jury as set forth in the attached

18   proposed jury instructions. An unnumbered set, without authorities, is submitted on diskette in

19   the event the Court wishes to submit instructions to the jury.

20        RESPECTFULLY SUBMITTED this 16th day of June, 2006.

21                                 LEONARDO M. RAPADAS
                                     United States Attorney
22                                 Districts of Guam and NMI

23

24                               JEFFREY J. STRAND
                              Assistant U.S. Attorney
25

26

27

28

# INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1 | Duties of Jury to Find Facts and Follow Law............................................ | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof...................................................................... | 2 |
| 3 | Reasonable Doubt - Defined.................................................................. | 3 |
| 4 | What is Evidence .................................................................................. | 4 |
| 5 | What is Not Evidence ........................................................................... | 5 |
| 6 | Direct And Circumstantial Evidence...................................................... | 6 |
| 7 | Statements by Defendant ...................................................................... | 7 |
| 8 | Ruling on Objections............................................................................. | 8 |
| 9 | Credibility of Witnesses........................................................................ | 9 |
| 10 | Evidence of Other Acts of Defendant or Acts and Statements of Others ................................................................ | 10 |
| 11 | Separate Consideration of Multiple Counts-Single Defendant.............. | 11 |
| 12 | Other Crimes, Wrongs or Acts of Defendant........................................ | 12 |
| 13 | Child Pornography–Distribution–18 U.S.C. §2252(a)(2)...................... | 13 |
| 14 | Duty to Deliberate ............................................................................... | 15 |
| 15 | Consideration of Evidence ................................................................... | 16 |
| 16 | Jury Consideration of Punishment ....................................................... | 17 |
| 17 | Verdict Form ........................................................................................ | 18 |
| 18 | Communication With the Court ............................................................. | 19 |

-i-

# INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.1

-1-

INSTRUCTION NO. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION
OF INNOCENCE, BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.2

1

INSTRUCTION NO. 3

2

<u>REASONABLE DOUBT - DEFINED</u>

3          Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the

4   defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

5          A reasonable doubt is a doubt based upon reason and common sense and is not based

6   purely on speculation. It may arise from a careful and impartial consideration of all the evidence,

7   or from lack of evidence.

8          If after a careful and impartial consideration of all the evidence, you are not convinced

9   beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

10  guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you

11  are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

12  defendant guilty.

13

14

15

16

17

18

19

20

21

22

23

24

25

26  AUTHORITY: <u>Manual of Model Jury Instructions for the
                Ninth Circuit</u>, 2003 Ed., § 3.5

27

28                                              -3-

INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of

(1)     the sworn testimony of witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 3.6

4

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.17

5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.8

6

INSTRUCTION NO. _7_

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made statements to agents of the Federal Bureau of Investigation. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant may have made them.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 4.1

7

# INSTRUCTION NO. 8

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered or the exhibit received. If I sustained the objection, the question could not be answered and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 1.8

8

INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.9

9

INSTRUCTION NO. _10_

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 3.10

10

INSTRUCTION NO. 11

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS
### SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each

count separately. Your verdict on one count should not control your verdict on any other count.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.12

11

INSTRUCTION NO. 12

## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other conduct by defendant on different occasions. He is not on trial for that conduct. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident as to the offense for which he is on trial and for no other purpose. Remember that the defendant is on trial only for the crime charged in the indictment and *not* for any other activities.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 4.3

12

INSTRUCTION NO. 13

CHILD PORNOGRAPHY—DISTRIBUTION—18 U.S.C. §2252(a)(2)

The defendant is charged in Counts I-V of the indictment with distributing child pornography in violation of Section 2252(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First: that the defendant knowingly distributed visual depictions of child pornography that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including a computer;

Second: that the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct;

Third: that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fourth: that the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

The term "interstate or foreign commerce" means the movement of property from one state to another state or between one state and another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. You may find that the images charged in the indictment have moved in interstate or foreign commerce if it is proved beyond a reasonable doubt that they were transmitted over the internet. It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved..

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in

13

conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen (18) years.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct" means actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal- genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) masturbation;

(c) sadistic or masochistic abuse; or

(d) lascivious exhibition of the genitals or public area of any person.

AUTHORITY: 18 U.S.C. §§2252(a)(2) and 2256; 9th Cir. Crim. Jury Instr.8.153 (2003) (modified); United States v. Ellyson, 326 F.3d 522, 533 (4th Cir. 2003); United States v. Runyan, 290 F.3d 223, 242 (5th Cir.), cert. denied, 537 U.S. 888 (2002); United States v. Hilton, 257 F.3d 50, 54-5 (1st Cir. 2001).

14

INSTRUCTION NO. __14__

<u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.1

15

INSTRUCTION NO. _15_

CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.2

16

INSTRUCTION NO. __16__

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 7.4

17

INSTRUCTION NO. __17__

## VERDICT FORM

     A verdict form has been prepared for you. The Clerk will give each of you a copy of this verdict form to use as a reference during your deliberations. After you have reached unanimous agreement on a verdict, your foreperson will fill in the master copy of the verdict form, sign and date it and advise the Court that you are ready to return to the courtroom.

AUTHORITY:  <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.5

18

INSTRUCTION NO. _18_

## COMMUNICATION WITH THE COURT

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

AUTHORITY:  Manual of Model Jury Instructions for the
              Ninth Circuit, 2003 Ed., § 7.6

19